KEAHON BROS., INC., Plaintiff, *v.* LEONARD BLANK and Others, Defendants.

County Court, Rockland County, October 20, 1936.

*Ralph A. Geffen*, for the plaintiff.

*Kennedy & Kennedy* and *Irving G. Kennedy*, for the defendant Leonard Blank.

*Charles A. Loreto*, for the defendant Julius Oehrlein, Inc.

*Arthur C. Parker*, for the defendant Dora Blank.

McKENNA, J.  This is an action to foreclose a mechanic's lien, filed by the plaintiff, a materialman, against premises owned by the defendant Leonard Blank at the time of the transactions involved in the litigation.  The property has since been conveyed to Dora Blank.  Liens were also filed by the defendants Julius Oehrlein, Inc., and Samuel Hanig.  The Cosmo Construction Corporation was the principal contractor.

No proof was submitted in support of the Hanig lien.  It is accordingly dismissed.

Leonard Blank had a contract with the Cosmo Construction Corporation for the erection of a building.  Quentin Lyle was employed by Blank as a general superintendent with full authority to act for him.  Mrs. Rosenthal, who was the mother-in-law of Leonard Blank, actively participated in the negotiations and in directing changes and modifications as the work progressed.  In spite of his denial, I am satisfied that Mrs. Rosenthal was authorized to act for Blank in the premises and I hold that Blank is bound by both the acts of Lyle and Mrs. Rosenthal.

During the course of construction, the contractor was constantly interfered with by Blank and his agents.  Conditions were imposed upon the contractor by the owner which were not warranted by the contract.  Extra work was ordered and required of the contractor for which the owner later failed to issue written authorizations, although, in fact, he requested the changes and accepted the benefits thereof.  The owner deliberately manipulated the handling of the payments in such a way that the plaintiff Keahon Brothers, Inc., and the defendant Julius Oehrlein, Inc., were deprived of moneys as materialmen which they should have received.  Payments were made without the architect's certificate to support

them. The payment to the H. & A. Plumbing Company was clearly a preference made to defraud other lienors of their proportionate share of the money. On the other hand, I do not doubt that as the work progressed, the Cosmo Construction Corporation concluded that it had made a bad bargain. It is evident to me that both Blank and the Cosmo Construction Corporation were desirous of being relieved of liability under the contract and that when the Cosmo Construction Corporation ceased work it was in fact by mutual consent.

I hold as a fact found that the contract was terminated by mutual consent and that there was no unjustified abandonment of the work thereunder.

As to the extra work performed, I am of the opinion that where conditions arise subsequent to the signing of the contract which were not within the contemplation of the parties at the time, and, as a result of which, additional work is required of the contractor, the owner is obliged to pay the reasonable value thereof.

I further hold that when the owner, or his authorized agents, require and direct a contractor to do extra work not called for by the contract, and knowingly receives and accepts the benefits thereof, such owner is equitably bound to pay the reasonable value of such extra work, notwithstanding the provisions of the contract that any extra work must be supported by a written authorization signed by the owner. Such acts and conduct by an owner work a waiver of that requirement.

Hence, the defendant Blank is obligated to pay the reasonable value of doing the work required to effect such changes and for the extra work performed.

Without further enlarging the opinion of the court with regard to the work done, I hold that at the time of the filing of the liens of Keahon Bros, Inc., and Julius Oehrlein, Inc., there was still due from Blank the sum of $698 against which those liens might attach.

I find that the amount of the lien of Keahon Bros., Inc., is $643.70, with interest from February 5, 1935, and the amount of the lien of Julius Oehrlein, Inc., is $216.68, with interest from February 26, 1935. The liens are equal as far as priority is concerned.

These two lienors are, therefore, entitled to judgment for the amount of $698 proportioned in accordance with the amount of their liens as heretofore allowed, together with costs.